UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO., INC.

V. C.A. NO. 05-315 S

F.A.F., INC., ELITE DESIGNS, INC.
and WAL-MART STORES, INC.

## ANSWER OF DEFENDANT WAL-MART STORES, INC.

Now comes the Defendant, Wal-Mart Stores, Inc., and hereby answers Plaintiff's Complaint as follows:

### Nature of the Action

1. Paragraph 1 sets forth a legal conclusion as to which no responsive pleading is necessary or required; to the extent a responsive pleading is required, the allegations are denied.

### The Parties

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Plaintiff's.

5. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant denies that it is a corporation organized and existing under the laws of the State of Arkansas. Defendant admits the remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

## Jurisdiction and Venue

7. Paragraph 7 sets forth a legal conclusion as to which no responsive pleading is necessary or required.

8. Defendant admits that it is subject to the *in personam* jurisdiction of this Court. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Plaintiff's Complaint.

## Relevant Facts

9. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Plaintiff's Complaint.

11. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Plaintiff's Complaint.

12. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Plaintiff's Complaint.

14. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. The allegation in Paragraph 16 of Plaintiff's Complaint is directed against another defendant. Accordingly, no responsive pleading is required of this defendant. To the extent that a responsive pleading may be required, the Defendant denies the allegations set forth in paragraph 16 of the Plaintiff's Complaint.

17. The allegation in Paragraph 17 of Plaintiff's Complaint is directed against another defendant. Accordingly, no responsive pleading is required of this defendant. To the extent that a responsive pleading may be required, the Defendant denies the allegations set forth in paragraph 17 of the Plaintiff's Complaint.

18. The allegation in Paragraph 18 of Plaintiff's Complaint is directed against another defendant. Accordingly, no responsive pleading is required of this defendant. To the extent that a responsive pleading may be required, the Defendant denies the allegations set forth in paragraph 18 of the Plaintiff's Complaint.

19. The allegation in Paragraph 19 of Plaintiff's Complaint is directed against another defendant. Accordingly, no responsive pleading is required of this defendant. To the extent that a responsive pleading may be required, the Defendant denies the allegations set forth in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations set forth in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendant denies the allegations set forth in Paragraph 21 of the Plaintiff's Complaint.

## **Count I**

22. The Defendant incorporates by reference its answers to paragraphs 1 through 21 above as if fully set forth and realleged herein.

23. Defendant denies the allegations set forth in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Plaintiff's Complaint.

25. The allegation in Paragraph 25 of Plaintiff's Complaint is directed against other defendants. Accordingly, no responsive pleading is required of this defendant. To the extent that a responsive pleading may be required, the Defendant denies the allegations set forth in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant admits that it has sold its products and received revenue therefrom. Defendant denies the remaining allegations set forth in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Plaintiff's Complaint.

## Count II

30. The Defendant incorporates by reference its answers to paragraphs 1 through 29 above as if fully set forth and realleged herein.

31. Defendant denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits that it has sold its products and received revenue therefrom. Defendant denies the remaining allegations set forth in Paragraph 32 of the Plaintiff's Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Plaintiff's Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Plaintiff's Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a First Affirmative Defense, Defendant pleads Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

As a Second Affirmative Defense, Defendant pleads laches on the part of Plaintiff.

### Third Affirmative Defense

As a Third Affirmative Defense, Defendant pleads that the Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

As a Fourth Affirmative Defense, Defendant pleads that the Plaintiff's claims are barred by reason of the relevant statutes of limitation.

**Fifth Affirmative Defense**

As a Fifth Affirmative Defense, Defendant pleads that the Plaintiff's copyright registrations referred to in Paragraphs 11 and 13 of the Complaint are invalid, void, unenforceable and of no legal effect for one or more of the following reasons, and others which may become apparent during discovery:

(a) The subject matter alleged to be copyrighted does not constitute a work of art within the meaning of the copyright law;

(b) The subject matter alleged to be copyrighted does not possess the required amount of originality;

(c) The subject matter alleged to be copyrighted was not authored by Plaintiff;

(d) The subject matter alleged to be copyrighted was not copied by the Defendant.

**Sixth Affirmative Defense**

As a Sixth Affirmative Defense, Defendant pleads that the Plaintiff is not entitled to punitive damages inasmuch as no notice of copyright was contained on the works allegedly infringed.

**WHEREFORE**, Defendant demands judgment in its favor and that it be awarded its legal fees and costs and such other legal and equitable relief as the Court deems just under all of the circumstances.

WAL-MART STORES, INC.
By its Attorneys,

Richard W. MacAdams, Esq. #1681
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755
Dated: September 8, 2005

**CERTIFICATION**

I hereby certify that on the 8th day of September, 2005, I forwarded a copy of the within to Thomas R. Noel, Esq., 50 South Main Street, Providence, RI 02903, and Stephen Reid, Esq., Blish & Cavanagh, 30 Exchange Terrace, Providence, RI 02903 by regular mail, postage prepaid.