**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CATHEDRAL ART METAL CO., INC. :
Plaintiff :
:
v. :
:
F.A.F., INC., : CA No. 05-~~226~~ 315S
ELITE DESIGNS, INC., :
AND WAL-MART STORES, INC. :
Defendants :

MEMORANDUM REGARDING ORDER TO SHOW CAUSE

Plaintiff, Cathedral Art Metal Co., Inc. ("Cathedral Art"), submits this memorandum regarding the Court's *Order to Show Cause* and hereby requests that, pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, the Court enter default against defendant Elite Designs, Inc.'s ("Elite") based on Elite's failure to comply with the Court's *Memorandum and Order* of February 22, 2006.

On February 22, 2006, the Court granted the motion of Attorney Stephen J. Reid, Jr., to withdraw as attorney for Elite and ordered Elite to engage successor counsel and have counsel enter an appearance on its behalf within fourteen (14) days. The Court warned Elite that default may enter if successor counsel fails to enter an appearance on its behalf as ordered. Elite has failed to comply with this order.

Rule 16(f) of the Federal Rules of Civil Procedure provides that "[i]f a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other

sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust." Rule 37(b)(2)(C) authorizes the court to enter "an order striking out pleadings or parts thereof, or ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party." "The sanctions contained in Rule 16(f) [are] designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985).

Wherefore, Cathedral Art hereby requests that the Court enter default against Elite and that Elite be ordered to pay plaintiffs' reasonable attorneys' fees and the costs incurred because of Elite's noncompliance with the Court's Memorandum and Order.

Dated: March 15, 2006

CATHEDRAL ART METAL CO., INC.

By Its Attorneys,

Thomas R. Noel, Esq. (#4239)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing via facsimile and First Class Mail on March 15, 2006 to Richard W. MacAdams, Esq., and Dennis R. Gannon, Esq., MacAdams & Wieck, Ltd., 101 Dyer Street, Providence, RI 02903, and to Elite Designs, Inc., Mr. Anthony R. Antonelli, President, 17 Thelma Avenue, Providence, RI 02911 via First Class Mail.