UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO., INC.

V. C.A. NO. 05-315 S

F.A.F., INC., ELITE DESIGNS, INC. and WAL-MART STORES, INC.

**REQUEST FOR EMERGENCY RELIEF**

**DEFENDANTS F.A.F. INC.'S AND WAL-MART STORES, INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

NOW COME Defendants F.A.F., Inc. and Wal-Mart Stores, Inc. pursuant to Federal Rule of Civil Procedure 26(c) and Local Rule Cv9 and move the Court for an Order that certain depositions scheduled by the plaintiff to be held on May 2, 2006 and May 4, 2006, be postponed pending approval of the applications for admission *pro hac vice* of attorneys Barry Golob, Esq., and Vanessa C. Hew, Esq., of the firm of Duane Morris LLP, and a reasonable period of time for them to inform themselves of the facts and issues of the above captioned matter.

The undersigned has in good faith conferred with other affected parties in an effort to resolve the dispute without court action. Defendants' Emergency Motion is supported by the Memorandum and Affidavit filed contemporaneously herewith.

F.A.F., INC
By its Attorneys,

Richard W. MacAdams, Esq. #1681
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755
Dated: May 1, 2006

**CERTIFICATION**

I hereby certify that on the 1st day of May, 2006, I faxed and hand deliverd a copy of the within to Thomas R. Noel, Esq., 50 South Main Street, Providence, RI 02903, and Jaime LaPorte, Esq. and Jeffrey T. Techentin, Esq., Adler Pollack & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903,

w:\f.a.f. incorporated\cathedral art metal co., inc\pleadings\faf emerg. mot. prot. order 4-28-06.doc

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO., INC.

V.

C.A. NO. 05-315 S

F.A.F., INC., ELITE DESIGNS, INC.
and WAL-MART STORES, INC.

**REQUEST FOR EMERGENCY RELIEF**

**DEFENDANTS F.A.F. INC.'S AND WAL-MART STORES, INC.'S MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER**

This matter is before the Court upon the emergency motion of defendants F..A.F., Inc. ("FAF") and Wal-Mart Stores, Inc. ("Wal-Mart") pursuant to Fed. Rule Civ. Proc 26(c) and Local Rule Cv9 for a protective order that certain depositions scheduled by plaintiff Cathedral Art Metal Co., Inc. ("Cathedral") for May 2, 2006 and May 4, 2006, be temporarily postponed.

The firm of MacAdams & Wieck, Incorporated ("M&W") and the undersigned are counsel of record for defendants FAF and Wal-Mart. On April 28, 2006, the undersigned was informed by FAF that FAF and Wal-Mart had engaged Barry Golob, Esq. admitted to the Pennsylvania and District of Columbia bars, and Vanessa C. Hew, Esq., admitted to the New York bar, attorneys in the firm of Duane Morris LLP who specialize in the area of copyright litigation as primary counsel to represent them in the above matter, with M&W remaining as local counsel. Further, on April 28, 2006, the undersigned spoke with Mr. Golob, Esq. and Ms. Hew with respect to their intention to apply to the court for *pro hac vice* admission in this case. Mr. Golob indicated that he and/or Ms. Hew wished to participate in all depositions scheduled in this matter, including depositions of Advanced Metal Concepts, Inc, a non-party corporation

subpoenaed by plaintiff pursuant to Fed. Rule Civ. Proc. 30(b)(6) scheduled for May 2, 2006, at 9:30 and 10:30 a.m.; and depositions of representatives of defendant Elite Designs, Inc. ("Elite") scheduled by plaintiff for May 4, 2006, at 9:30 a.m. and 2:30 p.m.

On the same date, the undersigned contacted Cathedral's attorney, Thomas Noel, Esq., to apprise him of events and to request that he postpone the depositions scheduled for May 2 and May 4 to a later date. Mr. Noel declined to do so based upon his own schedule and the fact that the non-party deponent appeared to be unrepresented by counsel. The undersigned thereafter spoke with Mr. John Conley, the 30(b)(6) representative of the non-party deponent on the afternoon of April 28. Mr. Conley indicated that he intended to obey the subpoena, and that he would continue to obey the subpoena if the deposition were postponed to another date. The undersigned also spoke with Jeffrey Techentin, Esq., attorney for defendant Elite on the same afternoon and asked if he would agree to a postponement of his client, a party defendant, to a later date. Mr. Techentin stated that he would that he would so agree.

The undersigned also informed Mr. Noel and Mr. Techentin that FAF and Wal-Mart would file a motion to extend the deadlines in this matter for a short period of time, not to exceed sixty (60) days, in which FAF's and Wal-Mart's new counsel could file their applications for admission *pro hac vice* and inform themselves as to all aspects of the above captioned case. Both Mr. Noel and Mr. Techentin agreed that this extension would not be unreasonable. The undersigned also informed Mr. Noel that FAF and Wal-Mart would also postpone depositions of Cathedral's employees and representatives scheduled over the next several weeks.

Notwithstanding the willingness of the witnesses to postponement, the offer to postpone depositions scheduled by FAF and Wal-Mart, and the willingness of all counsel to agree to a further extension of the discovery period, Mr. Noel declined to postpone the depositions

scheduled for May 2 and May 4.

Fed Rule Civ Proc. 26(c)[1] gives the Court broad powers to regulate the conduct of depositions and discovery including, *inter alia*, the power to bar certain disclosure or discovery entirely, or to order that discovery be had only upon certain terms and conditions. In the present matter, FAF and Wal-Mart request only that the depositions be postponed in order that their chosen counsel have an opportunity to enter their appearances and inform themselves as to the facts and issues in the case. If the depositions proceed as scheduled, FAF and Wal-Mart will be denied that opportunity. If FAF's and Wal-Mart's motion is granted, plaintiff will suffer only minor inconvenience.

The undersigned has in good faith conferred with other affected parties in an effort to

---

[1] Fed Rule Civ Proc. 26 (c) states:

(c) PROTECTIVE ORDERS. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;

(5) that discovery be conducted with no one present except persons designated by the court;

(6) that a deposition, after being sealed, be opened only by order of the court;

(7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way; and

(8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

resolve the dispute without court action. The request to postpone depositions is reasonable under all of the circumstances. FAF and Wal-Mart agree to pay additional deposition costs incurred by Cathedral in connection with the postponement of the depositions, such as additional witness fees, stenographic fees or the costs of service of additional subpoenas, if necessary.

F.A.F., INC
By its Attorneys,

Richard W. MacAdams, Esq. #1681
MacADAMS & WIECK INCORPORATED
101 Dyer Street, Suite 400
Providence, RI 02903
(401) 454-8700
(401) 454-8755
Dated: May 1, 2006

**CERTIFICATION**

I hereby certify that on the 1st day of May, 2006, I faxed and hand delivered a copy of the within to Thomas R. Noel, Esq., 50 South Main Street, Providence, RI 02903, and Jaime LaPorte, Esq. and Jeffrey T. Techentin, Esq., Adler Pollack & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903,

w:\f.a.f. incorporated\cathedral art metal co., inc\pleadings\faf memo support mot protective order 4-28-06.doc