**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

**CATHEDRAL ART METAL CO., INC.**

**V.** **C.A. NO. 05-315 S**

**F.A.F., INC., ELITE DESIGNS, INC.**
**and WAL-MART STORES, INC.**

**DEFENDANTS F.A.F. INC.'S AND WAL-MART STORES, INC.'S AFFIDAVIT IN SUPPORT OF EMERGENCY MOTION FOR PROTECTIVE ORDER**

Dennis R. Gannon, first having been duly sworn, on oath deposes and says as follows:

1. I am an attorney in the firm of MacAdams & Wieck, Incorporated ("M&W"), counsel of record for F.A.F., Inc.("FAF") and Wal-Mart Stores, Inc. ("Wal-Mart"), defendants in the above captioned matter.

2. On April 28, 2006, I was informed by FAF that FAF and Wal-Mart had engaged Barry Golob, Esq., admitted to the Pennsylvania and District of Columbia bars, and Vanessa C. Hew, admitted to the New York bar, attorneys in the firm of Duane Morris LLP who specialize in the area of copyright litigation as primary counsel to represent them in the above matter, with M&W remaining as local counsel.

3. On April 28, 2006, I spoke with Mr. Golob and Ms. Hew, with respect to their intention to apply to the court for *pro hac vice* admission in this case. Mr. Golob and Ms. Hew intend to file their applications by Tuesday, May 2, 2006.

4. Mr. Golob indicated that he and/or Ms. Hew wished to participate in all depositions

scheduled in this matter, including:

a. Depositions of Advanced Metal Concepts, Inc., a non-party corporation subpoenaed by plaintiff pursuant to Fed. Rule Civ. Proc. 30(b)(6) scheduled for May 2, 2006, at 9:30 and 10:30 a.m.; and

b. Depositions of representatives of defendant Elite Designs, Inc. ("Elite") scheduled by plaintiff for May 4, 2006, at 9:30 a.m. and 2:30 p.m.

5. On April 28, 2006, I contacted plaintiff's attorney, Thomas Noel, Esq., to apprise him of events and to request that he postpone the depositions scheduled for May 2 and May 4 to a later date.

6. Mr. Noel declined to postpone the scheduled depositions based upon his own schedule and the fact that the non-party deponent appeared to be unrepresented by counsel.

7. I spoke with John Conley, the 30(b)(6) representative of the non-party deponent on the afternoon of April 28. Mr. Conley informed me that he intended to obey the subpoena, and that he would continue to obey the subpoena if the deposition were postponed.

8. I spoke with Jeffrey Techentin, Esq., attorney for Elite on the afternoon of April 28 and asked if he would agree to a postponement of the deposition of his client, a party defendant, to a later date. He stated that he would so agree.

9. The deposition of Elite has already been rescheduled once at the request of Elite.

10. I did also inform Mr. Noel and Mr. Techentin that FAF and Wal-Mart would file a motion to extend the deadlines in this matter for a short period of time, not to exceed sixty (60) days, in which FAF's and Wal-Mart's new counsel could file their applications for admission *pro hac vice* and inform themselves as to all aspects of the above captioned matter. Both Mr. Noel and Mr. Techentin agreed that this would not be unreasonable.

11. I informed Mr. Noel that FAF and Wal-Mart would also postpone depositions scheduled of the plaintiff's employees and representatives scheduled over the next several weeks.

12. Notwithstanding the willingness of the witnesses to postponement, the offer to postpone depositions scheduled by defendants, and the willingness of all counsel to agree to a further extension of the discovery period, Mr. Noel declined to postpone the depositions scheduled for May 2 and May 4.

13. I have in good faith conferred with other affected parties in an effort to resolve the dispute without court action. The request to postpone depositions is reasonable under all of the circumstances.

14. FAF and Wal-Mart agree to pay additional deposition costs incurred by the plaintiff in connection with the postponement, such as additional witness fees, stenographic fees or the costs of service of additional subpoenas, if necessary.

Dennis R. Gannon

Subscribed and sworn to before me this 1st day of May, 2006, by Dennis R. Gannon, to me known.

Notary Public.

My commission expires 01/08/2007

**CERTIFICATION**

I hereby certify that on the 1st day of May, 2006 I faxed and hand delivered a copy of the within to Thomas R. Noel, Esq., 50 South Main Street, Providence, RI 02903, and to Jeffrey K. Techentin, Esq. and Jaime J. LaPorte, Esq., Adler Pollock & Sheehan P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903.

Valerie J Burrus