UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO, INC.,<br>Plaintiff | : | |
| V. | : | C.A. No. 05-315S |
| | : | Jury Trail Demanded |
| F.A.F., INC.,<br>ELITE DESIGNS, INC.,<br>AND WAL-MART STORES, INC.,<br>Defendants | : | |

## FIRST AMENDED COMPLAINT

### Nature of the Action

1. Cathedral Art Metal Co, Inc. ("Cathedral Art") brings this action for copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 et seq., false advertising under the Lanham Act, 15 U.S.C. § 1051 et seq., and based on Cathedral Art's common law rights, for the recovery of damages and for injunctive relief, due to what appears to have been intentional copying of Cathedral Art's work and the intentional removal of Cathedral Art's copyright mark and its replacement with the fraudulent copyright marking of one of the defendants.

### The Parties

2. Cathedral Art is a corporation organized and existing under the laws of the state of Rhode Island, and maintains its principal place of business at 25 Manton Avenue, Providence, Rhode Island. Cathedral Art designs, manufactures, and sells a full line of inspirational, religious, and special occasion giftware and jewelry, and has done so for more than eighty-five (85) years.

3. Cathedral Art sells its goods by way of an established network of

mostly small, independent religious gift shops located around the United States. Cathedral Art does not sell its goods to mass merchandisers.

4. Defendant F.A.F., Inc. ("F.A.F.") is a corporation organized and existing under the laws and protections of the State of Rhode Island, with a principal place of business at 26 Lark Industrial Parkway, Greenville, Rhode Island. F.A.F. is engaged in the manufacture, sale, and distribution of jewelry and related items.

5. Defendant Elite Designs, Inc. ("Elite") is a corporation organized and existing under the laws and protections of the State of Rhode Island, with a principal place of business at 17 Thelma Avenue, North Providence, Rhode Island. Elite is engaged in the design and manufacture of jewelry.

6. Defendant Wal-Mart Stores, Inc. ("Wal-Mart") is, upon information and belief, a corporation organized and existing under the laws of the state of Arkansas, with a principal place of business in Bentonville, Arkansas. Wal-Mart owns and operates retail stores under the names Wal-Mart Stores, Wal-Mart Supercenters, Neighborhood Markets and Sam's Club in the United States, Argentina, Brazil, Canada, China, Germany, Japan, Mexico, Puerto Rico, South Korea and the United Kingdom. There are more than 4,600 Wal-Mart and Wal-Mart Supercenter stores in the United States and elsewhere. During its fiscal year that ended on January 31, 2005, Wal-Mart's net revenue exceeded $285 billion.

**Jurisdiction and Venue**

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367 in that this is an action for copyright infringement and false advertising. Venue is proper under 28.U.S.C. §§ 1400(a) and 1391(b).

8. Each defendant maintains operations and otherwise conducts business within the State of Rhode Island so as to be subject to this Court's *in personam* jurisdiction.

## RELEVANT FACTS

### The Guardian Angel

9. In 1989, Cathedral Art created an original inspirational poem, a brief prayer verse intended to be affixed to or used in conjunction with gift items manufactured and sold by Cathedral Art, which Cathedral Art did beginning in 1990. The verse, referred to herein as the "Guardian Angel Verse," reads as follows:

Protect me,
My passengers,
And all who I pass by
With a steady hand
And a watchful eye

The Guardian Angel Verse is a unique and wholly original creation of Cathedral Art.

10. Cathedral Art incorporated the Guardian Angel Verse on a number of gift and jewelry items beginning in early 1990. Gift items incorporating the Guardian Angel Verse included a medallion consisting of an angel figure flying over and in back of a display of the Guardian Angel Verse. The work (the "Guardian Angel Piece") is depicted below:






11. Cathedral Art secured registration of the Guardian Angel Piece in February 2002. A true and accurate copy of Certificate of Registration No. VA 1-118-808, with an effective date of registration of February 5, 2002, is attached hereto as *Exhibit A*. Each copy of the Guardian Angel Piece sold by Cathedral Art bears the copyright notice "© CAMCO" on the reverse side. Cathedral Art began selling the Guardian Angel Work at least as early as June 1991.

**The Footprints In the Sand Message Cross**

12. In 2002, Cathedral Art designed and created an original inspirational cross to add to its line of religious giftware, utilizing a familiar prayer verse. That cross had a distinctive shape, a double solid-lined border enclosing a dotted chain on it outer edges, etched seashells, and an image of a seagull in flight. The Cathedral Art "Footprints Message Cross" is depicted below:







Cathedral Art began selling the Footprints Message Cross in approximately June, 2002.

13. The Footprints Message Cross, excluding the text of the prayer verse itself, was a unique and wholly original creation of Cathedral Art. Cathedral Art applied for and secured registration of its work with the United States Copyright Office. A true and accurate copy of the Certificate of Registration for the Footprints Message Cross, Reg. No. VA 1-280-671, as amended, is attached hereto as *Exhibit B*. Each copy of the Cathedral Art Footprints Message Cross bears the copyright notice "© CAMCO" on the reverse side, as depicted above.

**The Infringing Pieces**

14. While shopping at a Wal-Mart store located in Rhode Island, a principal of Cathedral Art discovered that Wal-Mart was selling jewelry items that were virtually identical to Cathedral Art's Guardian Angel Piece and Footprints Message Cross. The pieces embodied the Cathedral Art Guardian Angel Verse and all of the distinctive and creative elements of the Cathedral Art Footprints Message Cross. Cathedral Art purchased copies of the pieces found in Wal-Mart. Photographs of the pieces purchased by Cathedral Art at Wal-Mart (the "Infringing Guardian Angel" and the

"Infringing Footprints Cross") are depicted below:







15. The infringing pieces were sold attached to tags bearing the name "KEY elements™":







The phrase "KEY elements" is the subject of a pending trademark application filed by defendant F.A.F. with the United States Patent and Trademark Office.

16. Upon information and belief, F.A.F., with knowledge of Cathedral Art's rights in and to its work, and with disregard therefore, alone or in concert with others, copied the Cathedral Art Footprints Message Cross, and has engaged in the manufacture, purchase, importation, distribution, promotion, and sale of the Infringing

Footprints Cross.

17. Upon information and belief, Elite, with knowledge of Cathedral Art's rights in and to its work, and with disregard therefore, alone or in concert with others, copied the Cathedral Art Footprints Message Cross, and has engaged in the manufacture, purchase, importation, distribution, promotion, and sale of the Infringing Footprints Cross.

18. Upon information and belief, F.A.F., with knowledge of Cathedral Art's rights in and to its work, and with disregard therefore, alone or in concert with others, copied the Cathedral Art Guardian Angel Piece including the Guardian Angel Verse, and has engaged in the manufacture, purchase, importation, distribution, promotion, and sale of the Infringing Guardian Angel.

19. Upon information and belief, Elite, with knowledge of Cathedral Art's rights in and to the work, and with disregard therefore, alone or in concert with others, copied the Guardian Angel Piece including the Cathedral Art Guardian Angel Verse, and has engaged in the manufacture, purchase, importation, distribution, promotion, and sale of the Infringing Guardian Angel.

20. Upon information and belief, defendant Wal-Mart acquired the Infringing Footprints Cross and the Infringing Guardian Angel pieces from F.A.F. and/or Elite, and engaged in the purchase, importation, distribution, promotion, and sale of the Infringing Footprints Cross and the Infringing Guardian Angel.

21. Wal-Mart failed to ascertain the proper ownership of or rights to the pieces prior to acquiring and re-selling them, and its actions were taken with disregard of Cathedral Art's rights.

22. Upon information and belief, one or more of the defendants removed the copyright notice "© CAMCO" from the reverse side of Cathedral Art's Guardian Angel piece and replaced it with the copyright notice "© FAF Inc." Photographs of Cathedral Art's Guardian Angel Piece and its copyright notice are depicted in paragraph 10 of this complaint. A true and accurate depiction of the rear side of the infringing Guardian Angel piece bearing the "© FAF Inc." copyright marking appears below:



**COUNT I**
**Copyright Infringement**

23. The plaintiff restates and realleges each preceding paragraph as if specifically set forth herein.

24. Defendants have engaged in the copying, and in the manufacture, marketing, distribution, and sale of the Infringing Footprints Cross and the Infringing Guardian Angel and/or other works that are identical or substantially similar to Cathedral Art's Footprints Message Cross and Cathedral Art's Guardian Angel Piece including the Guardian Angel Verse. Such conduct and activities were unauthorized and constitute

copyright infringement under the United States Copyright Act, 17 U.S.C. § 101 et seq.

25. Defendants had access to Cathedral Art's Footprints Message Cross and Cathedral Art's Guardian Angel Piece including the Guardian Angel Verse prior to their unauthorized copying and acquisition and were on notice of Cathedral Art's claimed ownership of and rights to the works.

26. F.A.F. and Elite copied or caused to be copied certain distinctive and protectable elements of the Cathedral Art works and deliberately and without Cathedral Art's permission caused such to be reproduced, manufactured, and/or imported for advertising and sale.

27. Upon information and belief, all defendants have derived substantial revenue from the sale of the infringing works, which revenue the defendants are not entitled to retain.

28. Defendants' activities have been and continue to be willful within the meaning of the Copyright Act.

29. As a direct and proximate result of the defendants' infringement, Cathedral Art has been damaged and continues to be damaged, and has no adequate remedy at law.

30. By their actions alleged herein, the defendants have infringed and willfully continue to infringe plaintiff's copyright in and related to Cathedral Art's Footprints Message Cross and the Guardian Angel Piece containing the Cathedral Art Guardian Angel Verse by deliberately reproducing, manufacturing, marketing, promoting, distributing, and selling a product that is copied from, and identical and/or substantially similar to, the Cathedral Art works. Plaintiff is further entitled to an

injunction restraining the defendants, their officers, agents, and employees from engaging in such further acts, in violation of the copyright laws.

**COUNT II**
**Unfair Competition; Common Law Claims**

31. The plaintiff restates and realleges each preceding paragraph as if specifically set forth herein.

32. The actions of defendants claimed here constitute unfair competition and a violation of Cathedral Art's common law rights in and to the Cathedral Art Footprints Message Cross and Guardian Angel Piece.

33. Upon information and belief, the defendants have derived substantial revenue from the sale of the infringing works, which revenue the defendants are not entitled to retain.

34. Defendants' activities have been and continue to be willful and undertaken in bad faith.

35. As a direct and proximate result of the defendants' activities, Cathedral Art has been damaged and continues to be damaged, and has no adequate remedy at law.

36. Cathedral Art is entitled to recover the damages it has sustained and will continue to sustain until defendants have ceased sales of the infringing works, including any profits, goodwill, or other value obtained by the defendants as a result of their infringement. Cathedral Art is further entitled to injunctive relief to halt and restrain defendant's infringing acts.

**COUNT III - F.A.F., Inc.**
**Lanham Act Section 43(a); Unfair Competition and False Marking and False Advertising**

37. The plaintiff restates and realleges each preceding paragraph as if specifically set forth herein.

38. Defendant F.A.F., Inc., alone or in concert with other named or unnamed parties, has promoted and advertised the Infringing Guardian Angel piece, which was copied from, identical and/or substantially similar to, the Cathedral Art's Guardian Angel Piece, by marking the piece with the copyright notice "© FAF Inc." Said piece was not in fact an original work of or copyrighted by defendant F.A.F. The "© FAF Inc." copyright marking applied to the infringing Guardian Angel implies that the work is an original creation of F.A.F., Inc. and is subject to the protections of the United States Copyright Act. Such implication is materially false and misleading. One or more or the defendants made the above alleged false representations knowing at all times that said representations were false and untrue.

39. As herein alleged, F.A.F., Inc. has diverted trade from plaintiff by fraudulently representing that goods of defendants have qualities which in fact they do not have and F.A.F., Inc. has made said representations intending that said representations would assist defendant in selling the piece and divert trade from plaintiff.

40. By their actions alleged herein, one or more of the defendants has violated the Lanham Act § 43(a), 15 U.S.C. § 1125(a), by using false or misleading descriptions and representations of fact in commercial advertising or promotion in connection with goods in interstate commerce, which descriptions and representations misrepresent the nature and qualities of the defendants' goods, all to the damage of the plaintiff.

41. As a direct and proximate result of the defendants' actions, Cathedral Art has been damaged and continues to be damaged by the loss of revenue, the loss of valuable good will of its customers, and the unjust enrichment and profits accruing to defendants.

42. Plaintiff is further entitled to an injunction restraining the defendants, their officers, agents, and employees from engaging in such further acts in violation of the Lanham Act.

**CLAIMS FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A. That defendants, their agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, be preliminarily and permanently enjoined from reproducing, making, reprinting, publishing, displaying, manufacturing, importing, selling, offering for sale, promoting, marketing, advertising, distributing and/or commercially exploiting in any manner, either directly or indirectly, giftware, jewelry, or other articles which embody Cathedral Art's works or any design substantially similar thereto.

B. That defendants, their agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with them, be preliminarily and permanently enjoined from (1) using any mark, word, name or device which by colorable imitation or otherwise is likely to misrepresent the nature, characteristics or qualities of defendants' goods, and (2) continuing any and all acts of unfair competition as herein alleged.

C. That Cathedral Art be awarded:

(1) all damages suffered by it as a result of defendants' infringing acts, and all profits derived from defendants' wrongful acts in an amount to be determined at trial;

(2) as against parties liable thereunder, treble the amount of actual damages suffered by plaintiff pursuant to 15 U.S.C. § 1117(a);

(3) its reasonable attorneys' fees as the prevailing party as provided by 15 U.S.C. § 1117(a); and

(4) as against parties liable thereunder, punitive damages as such conduct, including the obliteration of the Cathedral Art copyright marking and the knowingly false application of the "©FAF, Inc." copyright marking was willful, egregious conduct amounting to criminality that is deserving of punishment.

D. That defendants be directed to: (1) recall from defendants' customers all pieces of the Infringing Guardian Angel and the Infringing Footprints Cross and all other works that are similar to them; (2) deliver to Cathedral Art for destruction all products, designs, artwork, advertising, brochures, catalogues, promotional materials, means of manufacture and/or other materials, which, if sold, distributed or used in any way would violate Paragraph A above; (3) provide an accounting to Cathedral Art including, at least, the number of infringing pieces manufactured, acquired, sold, and those still held, the number of pieces shipped, the prices at which each such sale or shipment was made, the dates of sale, and all revenue derived; and (4) that defendants provide a list of all entities and individuals to whom accused pieces have been sold and/or shipped with corresponding numbers of sales.

E. That Cathedral Art recover from defendants all costs incurred in this action, together with such other and further relief as this Court may deem just and proper.

**Jury Demand**

Cathedral Art Metal Co., Inc. hereby demands a trial by jury on all issues so triable.

Dated: July 5, 2006

CATHEDRAL ART METAL CO., INC.

By Its Counsel,

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence R.I. 02903
Telephone: (401) 272-7400
Fax: (401) 621-5688