UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CATHEDRAL ART METAL CO., INC.,<br><br>Plaintiff,<br><br>- against -<br><br>F.A.F., INC., ELITE DESIGNS, INC. and WAL-MART STORES, INC.,<br><br>Defendants. | C.A. No. 05-315 S |

**DEFENDANTS F.A.F., INC.'S AND WAL-MART STORES, INC.'S MOTION TO EXTEND DEADLINE FOR DISCOVERY AND TO EXTEND AND RESET PRETRIAL DEADLINES AND MEMORANDUM IN SUPPORT THEREOF**

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, Defendants F.A.F., Inc. and Wal-Mart Stores, Inc. (collectively "Defendants") hereby move the Court for an Order extending the time to complete discovery set forth in the Pretrial Order, as amended, and enlarging and resetting all dates set forth in the Pretrial Order, as amended, for an additional an additional ninety (90) days.

On May 1, 2006, the Court extended the deadline for completion of fact discovery in this matter to August 30, 2006. On July 5, 2006, one month and twenty-six days before the close of discovery, Cathedral Art Metal Co., Inc. ("Plaintiff") filed a Motion to Amend Complaint ("Plaintiff's Motion to Amend"). Plaintiff filed its Motion to Amend more than eleven months after filing its initial Complaint. Defendants' Response to Plaintiff's Motion to Amend is due by July 31, 2006.

As a result of facts learned in the course of discovery, Defendants FAF and Wal-Mart intend to file a motion to amend their answers and to add (1) a counterclaim against Cathedral

for cancellation of it's copyright registration for the Guardian Angel Piece and the Guardian Angel Verse; and (2) a cross claim against Elite based upon the UCC 2-312.

In addition, Dennis R. Gannon, Esq., local counsel for the Defendants, filed a motion dated June 26, 2006 requesting to be excused from Court for the period of September 29 through October 10, 2006 by reason of vacation outside the country.

## STANDARD FOR EXTENSION OF TIME

Under Rule 6(b) of the Federal Rules of Civil Procedure, a district court has the discretion to enlarge a period of time established by the Rules or by a court order. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 583 (1st Cir. 1994). When a party requests an extension before the time period has elapsed, the district court will be liberal in granting the request. See id. at 583-84. Rule 6(b) allows the court to enlarge time periods in its discretion for "cause shown", unless the extension is sought in bad faith.

## ARGUMENT

Defendants have "good cause" for requesting the extension of the discovery deadline because the need for and scope of discovery would be considerably expanded if this Court grants Plaintiff's Motion to Amend. Plaintiff's proposed Amended Complaint contains an added claim for unfair competition and false marking and false advertising under Lanham Act § 43(a). In its Amended Complaint, Plaintiff disingenuously alleges that "the addition of the Lanham Act claim against defendant F.A.F., Inc. will not prejudice the defendants . . . [because it] does not raise new or additional facts about which F.A.F., Inc. would not have been aware already." To the contrary, this additional substantive claim is based upon trademark law, necessitates the proof of

different elements, and requires an entirely different type of discovery and preparation from the copyright infringement and related unfair competition claims in Plaintiff's original Complaint.

In its Lanham Act § 43(a) claim, Plaintiff alleges that Defendant "F.A.F., Inc. has diverted trade from plaintiff by fraudulently representing that goods of defendants have qualities which in fact they do not have". See Plaintiff's Amended Complaint at p. 11. To prove this claim, Plaintiff must demonstrate that Defendants' misrepresentation was "material" in the sense that it would have some effect on the purchasing decisions of consumers. See J. Thomas McCarthy, *Trademarks and Unfair Competition* § 27.35, (4th ed. 2006); see also Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 311-12 (1st Cir. 2002) (holding that plaintiff must prove that defendant's misrepresentation is "likely to influence the purchasing decision" of consumers in order to satisfy the materiality component of a false advertising claim). Furthermore, since Plaintiff is seeking damages based upon its own lost sales and upon Defendants' profits, it must provide evidence proving an actual diversion of customers from itself to Defendants. See Quabaug Rubber Co. v. Fabiano Shoe Co., 567 F.2d 154, 161 (1st Cir. 1997) (finding that plaintiff must prove some quantum of lost sales since § 43(a) "was not intended to provide a windfall").

In preparing a defense against this added claim, Defendants will need to refute Plaintiff's evidentiary offerings attempting to show that the markings on Defendants' product confused consumers and diverted prospective customers from purchasing Plaintiff's product. Defendants will rely on evidence such as the quantity and quality of advertising coverage and the appearance of the product in the marketplace, testimony of dealers and consumers, and testimony of experts in the field. In addition, a survey of a group of people who are typical of the target consumers whose perceptions are at issue will also likely need to be conducted. See Clorox Co. Puerto Rico

v. The Proctor & Gamble Comm. Co., 228 F.3d 24, 36 (1st Cir. 2000) (stating that a product's propensity to deceive the public through a false representation is most often proven by consumer survey data). Such a survey often requires that an expert conduct a pre-test or a pilot test of the proposed survey in order to evaluate the clarity and usefulness of the survey method, structure and questions.

In comparison, in its action for infringement of copyright, Plaintiff will need to establish ownership of a valid copyright and that Defendants copied protected components of the copyrighted material that are original. See Feist Pubs, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991). Furthermore, Plaintiffs will need to demonstrate that Defendant had access to Plaintiff's copyrighted work and that a substantial similarity exists between Plaintiff's copyrighted work and Defendants' allegedly infringing work. See id. The preparation needed to defend against Plaintiff's claim of copyright infringement clearly differs from that required to address Plaintiff's Lanham Act claims.

Furthermore, in considering whether Defendants have demonstrated "good cause" for the requested extension, this Court should consider whether Plaintiff unduly delayed in filing its motion to amend, and whether allowing the amendment would unfairly prejudice Defendants. See Bond Opportunity Fund II, LLC v. Heffernan, 340 F. Supp. 2d 146, 155 (D.R.I. 2004). One of the factors to be considered in weighing the prejudice to Defendants is when the motion to amend was filed in relation to the discovery closure date. See id. 156; Quaker State Oil Refining Corp. v. Garrity Oil Co. Inc., 884 F.2d 1510, 1518 (1st Cir. 1989) (motion to amend denied where only two months remained in an already extended discovery period). In this instance, only thirty-six days would remain in the discovery period after Defendants submit their response

to Plaintiff's Motion to Amend. This amount of time is insufficient to conduct the discovery required by the addition of Plaintiff's new claim.

In the course of discovery, Defendants FAF and Wal-Mart have also learned facts which will demonstrate that neither Cathedral's "Guardian Angel Piece" nor it's "Guardian Angel Verse" is an original work eligible for US copyright protection.

Furthermore, local counsel has filed a motion for excusal for the period September 29 through October 10 for overseas travel, and expects that the same will be granted. Consequently, local counsel will be unavailable at the time that this matter may be called for trial.

Defendants' request for an extension is made in good faith, and the requested extension will not prejudice any of the parties to this action. Likewise, these extensions are not being sought for any purpose contrary to the Federal Rules of Civil Procedure or the Local Rules of this Court.

WHEREFORE, Defendants respectfully request that the Court extend the deadline for the completion of discovery set forth in the Pretrial Order, as amended, for an additional ninety (90) days.

Pursuant to Local Rule Cv 7(e), Defendants state that they do not request a hearing on this motion.

Respectfully submitted,

Dated: July 31, 2006

DUANE MORRIS LLP

Barry Golob (#437754)
DUANE MORRIS LLP
1667 K Street, NW, Suite 700
Washington, DC 20006

Gregory P. Gulia (GG 4215)
Vanessa C. Hew (VH 4617)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

and

MACADAMS and WIECK, INCORPORATED

By: ______________________

Richard MacAdams (#1681)
Dennis R. Gannon (#2280)
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

Attorneys for Defendants
(F.A.F., Inc. and Wal-Mart Stores, Inc.)

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2006, I forwarded a copy of the within to Thomas R. Noel, Esq., Noel & Gyorgy LLP, 50 South Main Street, Providence, RI 02903, and Jaime LaPorte, Esq. and Jeffrey T. Techentin, Esq., Adler Pollack & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903 by first-class mail, postage prepaid.

______________________