**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CATHEDRAL ART METAL CO., INC.,

Plaintiff,

- against -

F.A.F., INC., ELITE DESIGNS, INC. and WAL-MART STORES, INC.,

Defendants.

C.A. No. 05-315 S

**DEFENDANTS F.A.F., INC.'S AND WAL-MART STORES, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Defendants F.A.F., Inc. and Wal-Mart Stores, Inc. (collectively "Defendants") hereby submit this memorandum of law in opposition to Plaintiff Cathedral Art Metal Co., Inc.'s Motion to Amend Complaint ("Plaintiff's Motion to Amend"). As more fully described below, Plaintiff's Motion to Amend should be denied because (1) granting Plaintiff's Motion to Amend would be futile because Plaintiff's added claim would be dismissed under Federal Rule of Civil Procedure 12(b)(6), and (2) allowing Plaintiff to amend its complaint would prejudice Defendants because they would not have sufficient time to conduct discovery and prepare a defense to the added claim.

**STATEMENT OF FACTS**

On July 19, 2005, Plaintiff filed its initial complaint in this action, alleging that Defendants manufactured, distributed, promoted and sold jewelry items that were virtually identical to Plaintiff's jewelry pieces. Plaintiff alleges two causes of action against Defendant. Plaintiff's first claim asserts that Defendants' activities constituted copyright infringement under

United States Copyright Act, 17 U.S.C. § 101 et seq. The second claim alleges that Defendants' actions constitute common law unfair competition and violate Plaintiff's common law rights in the copyrighted material. Defendants filed their answers to Plaintiff's initial complaint on September 8, 2005.

On May 1, 2006, the Court extended the deadline for completion of fact discovery to August 30, 2006. On July 5, 2006, Plaintiff filed its Motion to Amend Complaint. Plaintiff's proposed amended complaint contains an added claim for unfair competition and false marking and false advertising under Lanham Act § 43(a). In response to Plaintiff's Motion to Amend, and in light of the need for an entirely different type of discovery and preparation to address Plaintiff's substantive trademark claim, Defendants filed a Motion to Extend Deadline for Discovery on July 19, 2006.

## ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 15(a) permits a litigant to amend a complaint after an answer is filed only with the consent of the opposing party or "by leave of court." Fed. R. Civ. P. Rule 15(a). Indeed, while Rule 15(a) states that leave to amend should be granted when justice so requires, this "does not mean that leave will be granted in all cases." 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1487, at 611 (2d ed. 1990); Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998).

Motions to amend have been categorically denied where the proposed or amended material would not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Hatch v. Dept. for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir.

2001); Harvey v. Snow, 281 F. Supp. 2d 376, 381 (D.R.I. 2003). Leave to amend has also been denied where a grant of the amendment would wreak "undue prejudice to the opposing party by virtue of allowance of the amendment" or where the Court has found that there has been "undue delay, bad faith or dilatory motive on the part of the movant." See Foman v. Davis, 371 U.S. 178, 182 (1962); Acosta-Mestre v. Hilton Int'l. of Puerto Rico, 156 F.3d 49, 52 (1st Cir. 1998).

**B. Plaintiff's Amendment Is Futile**

Plaintiff's Motion to Amend should be denied because Plaintiff's proposed Lanham Act claim is futile. A motion to amend a complaint shall be denied on the grounds of futility where the "complaint, as amended, would fail to state a claim upon which relief could be granted." Bond Opportunity Fund II, LLC, 340 F. Supp. 2d at 156 (quoting Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)). In determining whether a proposed amendment would be futile, the court should review the amended matter to determine whether the amended claim would survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Rule. See Glassman, 90 F.3d at 623; Hatch, 274 F.3d at 19.

In its Motion to Amend and Amended Complaint, Plaintiff seeks to assert an additional claim for unfair competition, false marking and false advertising under Lanham Act § 43(a) against Defendant F.A.F. See Plaintiff's ("Pl.'s") Amended Complaint at 11. As the basis for the purported Lanham Act claim, Plaintiff alleges that by marking the product in question with the copyright notice "© FAF Inc.", Defendant F.A.F. implied that the piece was "an original creation of F.A.F., Inc. and is subject to the protections of the United States Copyright Act." Id. Plaintiff further alleges that such implication as to the origin of the goods is "materially false and misleading" and has resulted in the diversion of trade from the Plaintiff. Id.

Plaintiff's Motion to Amend should be denied because Plaintiff's purported Lanham Act claim cannot survive a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(6). Indeed, the Supreme Court has expressly rejected that facts such as those alleged by the Plaintiff in its purported claim are sufficient to create a viable cause of action under the Lanham Act. See Dastar. Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 32 (2003) (reversed finding that Defendant violated the Lanham Act where Defendant did not misrepresent itself as the manufacturer of disputed video tapes, despite the fact that video tapes were copied from Plaintiff's television series).

In its decision, the Supreme Court held that the false origin of goods language in the Lanham Act § 43(a) is not triggered by a false designation of being the creator of a creative or communicative work because "the phrase 'origin of goods' is in our view incapable of connoting the person or entity that originated the ideas or communications that 'goods' embody or contain." See Dastar. Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 32 (2003). Indeed in rejecting such an interpretation of the Lanham Act, the Court stated that "[s]uch an extension would not only stretch the text, but it would be out of accord with the history and purpose of the Lanham Act and inconsistent with precedent." Id. Rather, the Court held that the term "origin" in this statutory context denotes only the manufacturer or producer of the physical goods and not the creator of the ideas or communications embodied in those goods. Id.

The United States Court of Appeals for the First Circuit followed Dastar in Zyla v. Wadsworth, 360 F.3d 243 (1st Cir. 2004). In this case, the plaintiff alleged a violation of § 43(a) of the Lanham Act based on her contention that the acknowledgements section of the fourth edition of a textbook falsely credited the defendant with authorship to the plaintiff's detriment. Dismissing the plaintiff's Lanham Act claim, the Court held that the term "origin" under § 43(a)

applies only to the producer of tangible goods that are offered for sale, and not to the creator of any idea, concept or communication represented in those goods. Zyla, 360 F.3d at 252; see also Lipton v. The Nature Co., 71 F.3d 464 (2nd Cir. 1995) ("as a matter of law, a false copyright notice cannot constitute a false designation of origin within the meaning of § 43(a) of the Lanham Act); Boston Int'l Music, Inc. v. Dallas Austin, 2003 U.S. Dist. LEXIS 16240, *4 (D. Mass. 2003) (finding no false designation since "origin of goods" under Lanham Act § 43(a) refers to producer of tangible goods offered for sale, not to the creator of any idea or concept embodied in those goods).

In this instance, Plaintiff's purported Lanham Act claim centers on the allegation that the copyright marking on Defendants' piece implies that "the work is an original creation of F.A.F., Inc." Pl.'s Amended Complaint at 11. However, the Supreme Court has expressly held that such allegations are insufficient to create a viable cause of action under Section 43(a) of the Lanham Act because the term "origin" refers only to the manufacturer or producer of the tangible goods, and not to the creator of the underlying intellectual property embodying such goods. To hold otherwise, the Supreme Court has reasoned, would be to create a "species of mutant copyright law" and would be in discord with the history and purpose of the Lanham Act. Thus, Plaintiff's proposed claim is futile and Plaintiff's Motion to Amend should be denied without any further consideration.

### C. Granting Plaintiff's Motion To Amend Will Prejudice Defendants

Notwithstanding the futility of Plaintiff's proposed amendment, Plaintiff's Motion to Amend should also be denied because the grant of such motion will significantly prejudice Defendant F.A.F. As an initial matter, Plaintiff filed its Motion to Amend eleven and a half months after filing its initial complaint and less than two months before the close of discovery.

Moreover, Plaintiff has failed to provide a reason for its neglect and delay or to even offer the common excuse that newly discovered facts created a need to amend its complaint. See Harvey, 281 F. Supp. at 381 (denying motion to amend given "plaintiffs' unwillingness or inability to provide . . . any reason for the lengthy delay").

In its Memorandum in Support of Plaintiff's Motion to Amend Complaint, Plaintiff asserts that Defendant F.A.F. will not be prejudiced by the addition of the Lanham Act claim because it "does not raise any new or additional facts about which [Defendants] would not have been aware already." Despite Plaintiff's blithe statement to the contrary, this is not the standard by which the Court determines whether the addition of a new claim will result in prejudice to the opposing party. See Acosta-Mestre, 156 F.3d at 53 ("[w]hile "Rule 15(a)'s liberal amendment policy seeks to serve justice, [it] does not excuse a lack of diligence that imposes additional and unwarranted burdens on an opponent and the courts").

The First Circuit has held that where a motion to amend will add a different type of claim to a case requiring additional preparation and adjustments of strategy, the court should deny a motion for leave to amend. See Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) (upholding denial of motion to amend where amendment added a new theory to case and made it "an entirely different case"); Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4-5 (1st Cir. 1983) (finding prejudice to party opposing motion to amend even where additional discovery was not necessary; the additional claims "may well have affected defendants' planned trial strategy and tactics" and would likely have "required additional time to prepare for trial").

Litigation of Plaintiff's proposed Lanham Act claim clearly requires an entirely different type of discovery and preparation from the copyright infringement and related common law unfair competition claims asserted in its initial complaint. In order to prevail on its copyright

infringement claim, Plaintiff will need to establish ownership of a valid copyright and that Defendants copied protected components of the copyrighted material that are original. See Feist Pubs, Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991). Furthermore, Plaintiff will also need to demonstrate that Defendants had access to Plaintiff's copyrighted work and that a substantial similarity exists between Plaintiff's copyrighted work and Defendants' allegedly infringing work. See id.

In contrast, Plaintiff's false advertising and false marking claims under the Lanham Act have entirely different elements which would require proof: (1) of a false or misleading description of fact or representation of fact by Defendants in a commercial advertisement about its own or another's product; (2) that the statement actually deceived or has the tendency to deceive a substantial segment of Plaintiff's consumer audience; (3) that the deception is material, in that it is likely to influence purchasing decisions; (4) that Defendants placed the false or misleading statement in interstate commerce; and (5) that Plaintiff has been or is likely to be injured as a result of the false or misleading statement, either by direct diversion of sales from itself to Defendants or by a lessening of goodwill associated with its products. See Clorox Co. Puerto Rico v. The Proctor & Gamble Comm. Co., 228 F.3d 24, 33 (1st Cir. 2000); Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave., 284 F.3d 302, 311-12 (1st Cir. 2002) (holding that plaintiff must prove that defendant's misrepresentation is "likely to influence the purchasing decision" of consumers in order to satisfy the materiality component of a false advertising claim). Furthermore, since Plaintiff is seeking damages based upon its own lost sales and upon Defendants' profits, it must provide evidence establishing an actual diversion of customers from itself to Defendants. See Quabaug Rubber Co. v. Fabiano Shoe Co., 567 F.2d 154, 161 (1st Cir.

1997) (finding that plaintiff must prove some quantum of lost sales since § 43(a) "was not intended to provide a windfall").

Mindful of the substantial undertaking required to address Plaintiff's new Lanham Act theory of liability, and with the deadline for discovery quickly approaching, Defendants filed a Motion to Extend Deadline for Discovery ("Motion to Extend Discovery") on July 19, 2006. In this Motion to Extend Discovery, Defendants articulated for the Court the substantial prejudice that would result if Plaintiff is allowed to pursue its Lanham Act claim. If this Court denies Defendants' Motion to Extend Discovery, the prejudice resulting from allowing Plaintiff's proposed amendment would be overwhelming. With one month before the close of discovery, it would be near impossible for Defendants to conduct the necessary discovery and preparation needed to address Plaintiff's new claim.

Instead of providing any evidence for its claim that Defendants will not suffer the prejudice that such added preparation and discovery will entail, Plaintiff merely provides the token assertion that the added claim "will not prejudice the defendants." Memorandum in Support of Plaintiff's Motion to Amend Complaint at 1. This type of unsubstantiated conclusion cannot pass muster with this Court. The necessary preparation and discovery to address the added Lanham Act claim will clearly require additional time and resources. While the futility of Plaintiff's added claim is more than sufficient basis for the denial of Plaintiff's Motion to Amend, the resulting prejudice and inconvenience to Defendants as a result of this late and unexplained addition clearly provide compelling justification for this Court to deny Plaintiff's Motion to Amend.

**CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion to Amend.

Respectfully submitted,

Dated: New York, New York
July 31, 2006

DUANE MORRIS LLP

By: [signature]

Richard MacAdams (#1681)
Dennis R. Gannon (#2280)
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

Attorneys for Defendants
(F.A.F., Inc. and Wal-Mart Stores, Inc.)

and

Gregory P. Gulia (GG 4215)
Vanessa C. Hew (VH 4617)
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

Barry Golob (#437754)
DUANE MORRIS LLP
1667 K Street, NW, Suite 700
Washington, DC 20006

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of July, 2006, I forwarded a copy of the within to Thomas R. Noel, Esq., Noel & Gyorgy LLP, 50 South Main Street, Providence, RI 02903, and Jaime LaPorte, Esq. and Jeffrey T. Techentin, Esq., Adler Pollack & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903 by first-class mail, postage prepaid.

[signature]