**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CATHEDRAL ART METAL CO, INC., :
Plaintiff :
:
V. : C.A. No. 05-315S
:
:
F.A.F., INC., :
ELITE DESIGNS, INC., :
AND WAL-MART STORES, INC., :
Defendants :

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Plaintiff Cathedral Art Metal Co., Inc. ("Cathedral Art") hereby responds to the *Memorandum in Opposition to Plaintiff's Motion to Amend Complaint* ("*Opposition Memorandum*") of the defendants, F.A.F., Inc. and Wal-Mart Stores, Inc. (collectively "Defendants"), objecting to Cathedral Art's *Motion to Amend Complaint*. Defendants' averment that Cathedral Art's *Motion to Amend* should be denied because granting the amendment would be futile is itself flawed and incorrect.[1]

**Cathedral Art's Amendment Is Not Futile**

Defendants misconstrue both the nature of Cathedral Art's proposed claim and the holding of *Dastar Corp. v. Twentieth Century Fox Film Corp*, 539 U.S. 23 (2003). Cathedral Art's amendment seeks to add a claim under Section 43(a)(1)(B) of the Lanham Act – the *false advertising* prong of Section 43(a) – not Section 43(a)(1)(A). Cathedral Art asserts that the marking on the infringing Guardian Angel pieces of the "© FAF Inc." notice by one or more of the defendants constitutes the making of a knowingly false and misleading statement

[1] Defendants aver that Cathedral Art's *Motion to Amend* should be denied on the grounds of futility because it fails to state a claim upon which relief could be granted, and because allowing the amendment would result in prejudice to the defendants. The Court's August 2, 2006 *Order* requests that Cathedral Art's reply memorandum address defendants' futility argument only.

of fact in commercial advertising or promotion of goods in interstate commerce, in violation of the Lanham Act § 43(a)(1)(B). Cathedral Art seeks to add Count III to its *Amended Complaint* based on the promotion of those Guardian Angel pieces employing the false and misleading "© FAF Inc." mark.

In their *Opposition Memorandum* (at page 4), defendants aver that Cathedral Art's proposed claim is the same type of claim that was expressly rejected by the Supreme Court in *Dastar*.[2] It is not. Defendants are simply wrong in their recitation of Cathedral Art's proposed claim and, subsequently, the application of *Dastar* to that claim. Unlike Cathedral Art's claim, the claim in *Dastar* was brought under the *first* subpart of Section 43(a)(1) of the Lanham Act, Section 43(a)(1)(A), and the Court expressly limited its holding to the determination of the meaning of "origin of goods" under that subsection. *See Dastar*, 539 U.S. at 31 ("At bottom, we must decide what § 43(a)(1)(A) of the Lanham Act means by the 'origin' of 'goods.'"). Cathedral's claim is asserted under Section 43(a)(1)(B).[3]

---

[2] Consequently, defendants aver, the proposed claim would not survive a motion to dismiss under Federal Rule of Procedure Rule 12(b)(6) and the Court should deny Cathedral Art's Motion to Amend on the basis of futility.

[3] Section 43(a)(1) of the Lanham Act provides:

> "Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> "(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> "(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."

15 U.S.C. § 1125(a)(1).

The plaintiff's claim in *Dastar* was that the defendant had made a "false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion . . . as to the *origin* . . . of his or her goods." *Dastar*, 539 U.S. at 31 (deletions in original)(emphasis added). The *Dastar* claim tracks the language of subsection (A) of Section 43(a)(1), and the Court decided that the defendant had not misrepresented the actual *origin* of its goods.

Cathedral Art brings its proposed claim under subsection (B), and the claim tracks the language of subsection (B). Paragraph 40 of the proposed Amended Complaint alleges that:

> By their actions alleged herein, one or more of the defendants has violated the Lanham Act § 43(a), 15 U.S.C. § 1125(a), *by using false or misleading descriptions and representations of fact in commercial advertising or promotion in connection with goods* in interstate commerce, which descriptions and representations misrepresent the nature and qualities of the defendants' goods....

Subsection (B) of Section 43(a)(1) provides a remedy against

> false or misleading representation of fact: (B) in *commercial advertising or promotion*, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods....

Section 43(a)(1)(B) (emphasis added). Cathedral Art's proposed claim clearly tracks both the statutory language of the *false advertising* prong of Section 43(a) and the case law interpreting and applying that prong.[4]

Cathedral Art's proposed claim is precisely the type of claim that Section 43(a)(1)(B) is intended to rectify. The false advertising provision "was designed to protect consumers and competitors from any duplicitous advertising or packaging which results in unfair

---

[4] Curiously, defendants attempt to re-write Cathedral Art's proposed claim as being brought under Section 43(a)(1)(A), but in Part C of their *Opposition Memorandum* they correctly cite to cases implicating the false advertising prong of Section 43(a), i.e., *Clorox Co. Puerto Rico v. The Proctor & Gamble Comm. Co.*, 228 F.3d 24 (1st Cir. 2000); *Cashmere & Camel Hair Mfrs. Inst. V. Saks Fifth Ave.*, 284 F.3d 302 (1st Cir. 2002).

competition." *Cashmere & Camel Hair Mfrs. Inst. v. Saks Fifth Ave.*, 284 F.3d 302, 310 (1st Cir. 2002).[5] Count III of the proposed *Amended Complaint*, clearly alleges that F.A.F. Inc. ("FAF") placed or allowed to be placed on the Guardian Angel pieces a false or misleading description or representation of fact - the false and misleading "© FAF Inc." marking. This false marking misrepresents the nature, characteristics, and qualities of the Guardian Angel pieces, and FAF then promoted and marketed this piece to defendant Wal-Mart Stores, Inc. ("Wal-Mart") and to the public. It must be presumed at this stage that the false and misleading marking had a material effect, i.e., at least influencing Wal-Mart's purchasing decision. Wal-Mart's own Supplier Agreement required F.A.F. to represent that it was supplying goods that were "genuine and … not counterfeit, adulterated, misbranded, falsely labeled or advertised…" (*Supplier Agreement*, ¶13(b)) and that do "not infringe upon or violate any patent, copyright, trademark…" (*Supplier Agreement*, ¶13(g)). Ownership of intellectual property rights in the goods was therefore clearly material to Wal-Mart. By promoting and selling pieces to Wal-Mart – a direct competitor of Cathedral Art's customers – FAF significantly damaged Cathedral Art's substantial goodwill and its business reputation.

Moreover, the *Dastar* Court specifically recognized the functional differences between subsection (A) and subsection (B), noting that although the plaintiff was precluded from asserting a claim under Section 43(a)(1)(A), if the facts had shown that one or more of

5 "To prove a false advertising claim under the Lanham Act, a plaintiff must demonstrate that (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products." *Cashmere*, 284 F.3d at 310-311

the defendants were, in advertising or promotion, making false or misleading representations, then the plaintiff might have had a cause of action "for misrepresentation under the 'misrepresents the nature, characteristics [or] qualities' provision of § 43(a)(1)(B)." *Dastar*, 539 U.S. 38. *See also Zyla v. Wadsworth*, 360 F.3d 243, 252 n.8 (1st Cir. 2004) ("The Court in *Dastar* left open the possibility that some false authorship claims could be vindicated under the auspices of § 43(a)(1)(B)'s prohibition on false advertising.").

**Conclusion**

*Dastar*, therefore, simply does not prohibit the claim Cathedral Art attempts to assert, and it is not possible to determine that the proposed amendment would be futile. The amended claim is crafted to remedy two different and distinct actions of the defendants. Cathedral Art's claims under the Copyright Act are intended to remedy the defendants' copyright infringement and to disgorge defendants' ill-gotten profits. Cathedral Art's proposed claim under the Lanham Act is designed to remedy FAF's duplicitous advertising, promotion, and packaging which constitutes unfair competition and seeks to recover for the damage caused to Cathedral Art's business reputation and goodwill. Defendants have failed to cite to any cases that establish that Cathedral Art's proposed claim would not survive a motion to dismiss under Federal Rule of Procedure Rule 12(b)(6).

For the foregoing reasons, Cathedral Art respectfully requests that this Court grant its *Motion to Amend*.

Date: August 18, 2006

CATHEDRAL ART METAL CO., INC.
By Its Counsel,

/s/ Thomas R. Noel

Thomas R. Noel, Esq. (#4239)
John R. Harrington, Esq. (#7173)
NOEL & GYORGY LLP
50 South Main Street
Providence, RI 02903
(401) 272-7400
(401) 621-5688 (Facsimile)
TRNoel@lawnoel.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 18th of August, 2006, I served a true copy of this document to the following counsel of record by electronic means:

Richard W. MacAdams, Esq.
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

Jeffrey K. Techentin, Esq.
Jaime J. LaPorte, Esq.
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443

and via First Class Mail to:

Dennis R. Gannon, Esq.
MacAdams & Wieck Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903

Gregory P. Gulia, Esq.
Vanessa C. Hew, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

Barry Golob, Esq.
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006

/s/ Thomas R. Noel