UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CATHEDRAL ART METAL CO., INC.        :
                                     :
v.                                   :     C.A. No. 05-315S
                                     :
F.A.F., INC., et. al.                :

**MEMORANDUM AND ORDER**

Before the Court for determination is Plaintiff's Motion to Amend Complaint. (Document No. 40). Defendants F.A.F., Inc. and Wal-Mart Stores, Inc. object to Plaintiff's Motion (Document No. 45). The Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. The Court has determined that no hearing is necessary. For the reasons discussed below, Plaintiff's Motion to Amend Complaint is GRANTED.

**Standard of Review**

Fed. R. Civ. P. 15(a) states that after a responsive pleading has been served, a complaint may not be amended without leave of the court. However, Rule 15 also provides that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

In Foman, the Supreme Court identified some of the reasons for denying a motion to amend. Those reasons include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182.

A motion to amend a complaint may be denied as futile if the "complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90

F.3d 617, 623 (1st Cir. 1996). In determining whether a proposed amendment would be futile, a court applies the same standard as it would apply to a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Id. The court must accept all the well-pleaded factual allegations as true and must draw all reasonable inferences favorable to the plaintiff but need not credit bald assertions or legal conclusions. Id. at 628. Thus, the motion should be denied only when it is clear that the plaintiff would not be able to prove any set of facts that would entitle it to relief. Howard v. State of Rhode Island, No. 96-064T, 1996 WL 33418794 at *2 (D.R.I. December 31, 1996).

## Discussion

Plaintiff commenced this action July 19, 2005 alleging copyright infringement and unfair competition. Plaintiff's proposed amendment seeks to add a single count (Count III) against F.A.F., Inc. which alleges a violation of the "Lanham Act Section 43(a); Unfair Competition and False Marking and False Advertising." The proposed claim is based on Plaintiff's allegation that one of the pieces at issue (the "Guardian Angel") is marked "© FAF Inc." Plaintiff claims that this copyright notice is false and that it constitutes the "making of a knowingly false and misleading statement of fact in commercial advertising or promotion of goods in interstate commerce...." Document No. 40, p. 2. Count III alleges that Defendant, F.A.F., Inc. "us[ed] false or misleading descriptions and representations of fact in commercial advertising or promotion in connection with goods in interstate commerce, which descriptions and representations misrepresent the nature and qualities of the defendants' goods, all to the damage of the plaintiff." See Id., Exhibit 1, ¶ 40.

Defendants object to the Motion to Amend Complaint on two grounds: first, that the proposed amendment is untimely; and second, that Plaintiff's proposed amendments are "futile as a matter of law" because there is no legal basis supporting Plaintiff's Lanham Act claim. In support

of their futility argument, Defendants assert that Plaintiff has not stated a claim under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

The first argument Defendants present is that the amendment is untimely. Defendants claim that "they would not have sufficient time to conduct discovery and prepare a defense to the added claim." Document No. 46, p. 1. Defendants have been aware of the proposed Lanham Act claim since at least early July, and it is not a factually complicated claim. In addition, on July 31, 2006, Defendants moved to extend the discovery deadline due, in part, to Plaintiff's proposed Lanham Act claim. Plaintiff has not "sat" on this claim as the factual basis was learned during the discovery process. Although there would be some prejudice to Defendants in permitting this relatively late amendment, there also would be an equivalent prejudice to Plaintiff if it were denied the right to add a claim uncovered during discovery. However, this "tie" is broken by considerations of judicial efficiency in resolving all related disputes between these parties in a single litigation.

The next argument presented by Defendants is that proposed Count III fails to state a claim, and the amendment should be denied as futile. As noted above, leave to amend must be freely granted, and may only be denied as futile if the proposed amendments fail to state a claim upon which relief could be granted. In making that assessment, the Court must accept all of Plaintiff's factual allegations as true and draw all reasonable inferences in its favor. In Count III, Plaintiff has set forth a Lanham Act claim, which alleges, *inter alia*, that Defendant F.A.F., Inc. has used "false or misleading descriptions and representations of fact in commercial advertising or promotion in connection with goods in interstate commerce...."

In their Objection, Defendants argue that under <u>Dastar Corp. v. Twentieth Century Fox Film Corp.</u>, 539 U.S. 23, 32 (2003), the Supreme Court "held that the false origin of goods language in

the Lanham Act Section 43(a) is not triggered by a false designation of being the creator of a creative or communicative work...." Document No. 46, p. 4. Defendants assert that the substance of proposed Count III is a claim that the copyright mark on the disputed piece implies that the work is an original creation of F.A.F., Inc., and that such a claim is not a viable claim under Dastar.

Upon the Court's request, Plaintiff filed a reply memorandum which clarified that proposed Count III is brought under Section 43(a)(1)(B) of the Lanham Act, not Section 43(a)(1)(A). Plaintiff accurately notes that Dastar applied to a claim brought under Section 43(a)(1)(A). Subsection (B) of Section 43(a)(1), states, "false or misleading representation of fact: (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods...." The language in proposed Count III tracks the language set forth in Subsection (B) of Section 43(a)(1) of the Lanham Act. Accordingly, Defendants' arguments arising out of the Dastar case and its consideration of Section 43(a)(1)(A) of the Lanham Act are not applicable here. Accordingly, Defendants have not presently shown that Plaintiff's proposed amendment fails to state a claim and would be futile.

For the foregoing reasons, Plaintiff will be granted leave to amend its Complaint as proposed. Plaintiff shall file its First Amended Complaint within seven (7) calendar days of the date of this Order.

So ordered.

ENTER:  BY ORDER:

_____  _____
LINCOLN D. ALMOND   Deputy Clerk
United States Magistrate Judge
September 6, 2006