**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CATHEDRAL ART METAL CO., INC., Plaintiff, | : | |
| vs. | : | Case No. 05-315S |
| F.A.F., INC., ELITE DESIGNS, INC., and WAL-MART STORES, INC. Defendants. | : | |

**DEFENDANT ELITE DESIGNS, INC.'S ANSWER**
**TO THE FIRST AMENDED COMPLAINT**

Defendant Elite Designs, Inc. ("Elite Designs") hereby answers the allegations contained to the numbered paragraphs of the Complaint in this action as follows:

1. Elite Designs admits that plaintiff has brought this action seeking to recover for alleged copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et. seq*., and based on plaintiff's alleged common law rights, seeking the recovery of damages and injunctive relief. Elite Designs denies the remaining allegations contained in paragraph 1 of the Complaint. Further answering, Elite Designs denies: that it has engaged in copyright infringement; that it has violated plaintiff's common law rights; or that it has intentionally copied plaintiff's work. Elite Designs further denies that plaintiff is entitled to the relief sought against Elite Designs as alleged in paragraph 1 of the Complaint.

2. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint, and, therefore, denies those allegations.

3. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and, therefore, denies those allegations.

4. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegation contained in paragraph 4 of the Complaint regarding the state of incorporation of defendant F.A.F., Inc. Elite Designs admits the remaining allegations in paragraph 4 of the Complaint.

5. Elite Designs admits the allegations contained in paragraph 5 of the Complaint. Further answering, Elite Designs states that its principal place of business is located at 18, not 17, Thelma Avenue, North Providence, Rhode Island.

6. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, and, therefore, denies those allegations.

7. Paragraph 7 of the Complaint states conclusions of law to which no responsive pleading is required.

8. Elite Designs admits the allegations contained in paragraph 8 of the Complaint.

9. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and, therefore, denies those allegations.

10. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and, therefore, denies those allegations.

11. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and, therefore, denies those allegations.

12. Elite Designs denies that the so-called "Footprints Message Cross" is an "original" design or that it has "a distinctive shape" as alleged. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint, and, therefore, denies those allegations.

13. Elite Designs denies that the so-called "Footprints Message Cross" is "a unique and wholly original creation" as alleged. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 13 of the Complaint, and, therefore, denies those allegations.

14. Elite Designs denies that the so-called "Footprints Message Cross" is "distinctive and creative" as alleged. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Complaint, and, therefore, denies those allegations.

15. Elite Designs denies that the so-called "Footprints Message Cross" is an "infringing piece[]." Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of the Complaint, and, therefore, denies those allegations.

16. Elite Designs denies the allegations contained in paragraph 16 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 16 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those

allegations.

17. Elite Designs denies the allegations contained in paragraph 17 of the Complaint.

18. Elite Designs denies the allegations contained in paragraph 18 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 18 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

19. Elite Designs denies the allegations contained in paragraph 19 of the Complaint.

20. Elite Designs denies that Wal-Mart acquired the Footprints Cross and the Guardian Angel pieces from Elite Designs. Elite Designs further denies that the Footprints Cross piece is an "infringing" piece. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and, therefore, denies those allegations.

21. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and, therefore, denies those allegations.

22. Elite Designs denies the allegations contained in paragraph 22 to the extent those allegations are directed to Elite Designs. To the extent the allegations contained in paragraph 22 are directed to F.A.F., Inc. and/or Wal-Mart Stores, Inc., Elite Designs is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

**Count I**

23. Elite Designs reasserts and repeats and incorporates herein by reference its

answers to paragraphs 1 through 22, above.

24. Elite Designs denies the allegations contained in paragraph 24 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 24 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

25. Elite Designs denies the allegations contained in paragraph 25 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 25 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

26. Elite Designs denies the allegations contained in paragraph 26 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 26 of the Complaint are directed to defendant F.A.F., Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

27. Elite Designs denies the allegations contained in paragraph 27 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 27 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

28. Elite Designs denies the allegations contained in paragraph 28 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 28 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

29. Elite Designs denies the allegations contained in paragraph 29 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 29 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

30. Elite Designs denies the allegations contained in paragraph 30 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 30 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

**Count II**

31. Elite Designs reasserts and repeats and incorporates herein by reference its answers to paragraphs 1 through 30, above.

32. Elite Designs denies the allegations contained in paragraph 32 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 32 of the Complaint are directed to defendant F.A.F., Inc. and/or

defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

33. Elite Designs denies the allegations contained in paragraph 33 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 33 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

34. Elite Designs denies the allegations contained in paragraph 34 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 34 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

35. Elite Designs denies the allegations contained in paragraph 35 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 35 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

36. Elite Designs denies the allegations contained in paragraph 36 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 36 of the Complaint are directed to defendant F.A.F., Inc. and/or

defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

**<u>Count III</u>**

37. Elite Designs reasserts and repeats and incorporates herein by reference its answers to paragraphs 1 through 36, above.

38. Elite Designs denies the allegations contained in paragraph 38 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 38 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

39. Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and, therefore, denies those allegations.

40. Elite Designs denies the allegations contained in paragraph 40 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 40 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

41. Elite Designs denies the allegations contained in paragraph 41 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 41 of the Complaint are directed to defendant F.A.F., Inc. and/or

defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

42. Elite Designs denies the allegations contained in paragraph 42 of the Complaint to the extent that those allegations are directed to Elite Designs. To the extent that the allegations contained in paragraph 42 of the Complaint are directed to defendant F.A.F., Inc. and/or defendant Wal-Mart Stores, Inc., Elite Designs is without knowledge and/or information sufficient to form a belief as to the truth of the allegations and, therefore, denies those allegations.

**First Defense**

The Complaint fails to state a claim upon which relief can be granted against Elite Designs.

**Second Defense**

Plaintiff, by its own acts, actions, conduct, and/or failure to act, has waived any rights which it may have had to bring this Complaint, pursue it, and/or obtain the relief sough against Elite Designs.

**Third Defense**

Plaintiff is estopped by its own acts, actions, conduct, and/or failures to act from bringing this action, pursuing it, and/or obtaining the relief sought against Elite Designs.

**Fourth Defense**

The Complaint is barred by the doctrine of laches.

**Fifth Defense**

The Complaint is barred by the relevant statutes of limitation.

**Sixth Defense**

Plaintiff's common law unfair competition claim is preempted by the United States Copyright Act.

**Seventh Defense**

Plaintiff is not entitled to copyright protection because the Footprints Cross is not an original work of art authored by Cathedral Art Metal Co., Inc.

**Eighth Defense**

Plaintiff is not entitled to attorneys' fees or punitive damages under the United States Copyright Act.

**Ninth Defense**

Elite Designs did not manufacture, promote, advertise or have any involvement with the manufacture, promotion or advertising of the Guardian Angel Piece.

WHEREFORE, Elite Designs, Inc. respectfully requests that the Complaint be dismissed as against it, with prejudice, or that judgment enter in its favor, and that the Court award to Elite Designs, Inc. its reasonable attorneys' fees, costs and expenses incurred in defending against this action.

Elite Designs, Inc.
By their attorneys,

/s/ Jaime J. LaPorte
JEFFREY K. TECHENTIN (#6651)
JAIME J. LAPORTE (#6663)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 351-4607/751-0604
Dated: September 27, 2006
jtechentin@apslaw.com
jlaporte@apslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of September, 2006, a copy of Defendant Elite Designs, Inc.'s Answer to the First Amended Complaint was sent via electronic mail to the following:

Thomas R. Noel, Esq.
Noel & Gyorgy LLP
50 South Main Street
Providence, RI 02903

Richard W. MacAdams, Esq.
Dennis R. Gannon, Esq.
MacAdams & Wieck, Ltd.
101 Dyer Street
Providence, RI 02903

I further certify that on this 27th day of September, 2006, I did send a true copy of the within Amended Answer by regular mail to:

Barry Golob, Esq.
Duane Morris LLP
1667 K Street, NW, Suite 700
Washington, DC 20006

Gregory P. Gulia, Esq.
Vanessa Hew, Esq.
Duane Morris LLP
380 Lexington Avenue
New York, NY 10168

/s/ Jaime J. LaPorte

*392914_1.doc*