**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CATHEDRAL ART METAL CO., INC.,

Plaintiff,

- against -

F.A.F., INC., ELITE DESIGNS, INC.
and WAL-MART STORES, INC.,

Defendants.

C.A. No. 05-315 S

**DEFENDANT F.A.F., INC.'S ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT,**
**WITH COUNTERCLAIM AND CROSSCLAIM**

Defendant F.A.F., Inc. ("Defendant") having been served with a summons and the Amended Complaint (the "Amended Complaint") by Plaintiff Cathedral Art Metal Co., Inc. ("Plaintiff"), hereby answers the Amended Complaint and avers as follows:

## NATURE OF THE ACTION

1. Paragraph 1 sets forth legal conclusions as to which no responsive pleadings are necessary or required; to the extent responsive pleadings are required, Defendant denies the allegations.

## THE PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of Plaintiff's Amended Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant admits the allegations set forth in Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

7. Paragraph 7 sets forth a legal conclusion as to which no responsive pleading is necessary or required.

8. Defendant admits that it is subject to the *in personam* jurisdiction of this Court. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of Plaintiff's Amended Complaint.

## RELEVANT FACTS

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's Amended Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of Plaintiff's Amended Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's Amended Complaint.

15. Defendant admits that the phrase "KEY elements" is the subject of a pending trademark application filed by Defendant in the United States Patent and Trademark Office. Defendant denies that the pieces pictured in Paragraph 15 are "infringing."

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Amended Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiff's Amended Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of Plaintiff's Amended Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's Amended Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of Plaintiff's Amended Complaint.

**COUNT I**

**Copyright Infringement**

23. Defendant realleges paragraphs 1 through 22 above and incorporates them by reference as if fully set forth herein.

24. Defendant denies the allegations set forth in Paragraph 24 of Plaintiff's Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of Plaintiff's Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of Plaintiff's Amended Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of Plaintiff's Amended Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of Plaintiff's Amended Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of Plaintiff's Amended Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Amended Complaint.

**COUNT II**

**Unfair Competition; Common Law Claims**

31. Defendant realleges paragraphs 1 through 30 above and incorporates them by reference as if fully set forth herein

32. Defendant denies the allegations set forth in Paragraph 32 of Plaintiff's Amended Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of Plaintiff's Amended Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of Plaintiff's Amended Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of Plaintiff's Amended Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of Plaintiff's Amended Complaint.

**COUNT III – F.A.F., Inc.**

**Lanham Act Section 43(a): Unfair Competition and False Marking and False Advertising**

37. Defendant realleges paragraphs 1 through 36 above and incorporates them by reference as if fully set forth herein

38. Defendant denies the allegations set forth in Paragraph 38 of Plaintiff's Amended Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of Plaintiff's Amended Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of Plaintiff's Amended Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of Plaintiff's Amended Complaint.

42. Defendant denies the allegations set forth in Paragraph 42 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

As a First Affirmative Defense, Defendant pleads Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

As a Second Affirmative Defense, Defendant pleads laches on the part of Plaintiff.

### Third Affirmative Defense

As a Third Affirmative Defense, Defendant pleads that Plaintiff's claims are barred by the doctrine of estoppel.

### Fourth Affirmative Defense

As a Fourth Affirmative Defense, Defendant pleads that Plaintiff's claims are barred by reason of the relevant statutes of limitation.

### Fifth Affirmative Defense

As a Fifth Affirmative Defense, Defendant pleads that Plaintiff's copyright registrations referred to in Paragraphs 11 and 13 of the Amended Complaint are invalid, void, unenforceable and of no

legal effect for one or more of the following reasons, and others which may become apparent during discovery:

(a) The subject matter alleged to be copyrighted does not constitute a work of art within the meaning of the copyright law.

(b) The subject matter alleged to be copyrighted does not possess the required amount of originality;

(c) The subject matter alleged to be copyrighted was not authored by Plaintiff;

(d) The subject matter alleged to be copyrighted was not copied by Defendants.

**Sixth Affirmative Defense**

As a Sixth Affirmative Defense, Defendant pleads that Plaintiff's claim for common law unfair competition fails to state a claim upon which relief may be granted because Plaintiff's claim is pre-empted under the United States Copyright Act § 301.

**COUNTERCLAIM AND CROSSCLAIM**

1. F.A.F., Inc. for its Counterclaim against Plaintiff Cathedral Art Metal Co., Inc. hereby alleges as follows:

**Jurisdiction**

2. This Court has jurisdiction under 1338(a) of the Judicial Code, 28 U.S.C. § 1338(a).

3. This district is the proper venue for this matter pursuant to 28 U.S.C. § 1391.

## Parties

4. F.A.F., Inc. ("F.A.F.") is a corporation duly organized and existing under the laws of the state of Rhode Island, with a principal place of business at 26 Lark Industrial Parkway, Greenville, Rhode Island 02828.

5. Wal-Mart Stores, Inc. ("Wal-Mart") is a corporation duly organized and existing under the laws of the state of Delaware, with a principal place of business in at 702 S.W. Eighth Street, Bentonville, Arkansas 72716.

6. Cathedral Art Metal Co, Inc. ("Cathedral Art") is, upon information and belief, a corporation organized and existing under the laws of the state of Rhode Island, with its principal place of business at 25 Manton Avenue, Providence, Rhode Island.

7. Elite Designs, Inc. ("Elite"), is, and at all times mentioned was, a corporation, organized and existing under the laws of Rhode Island, with its principal place of business located at 18 Thelma Avenue, North Providence, Rhode Island.

## Counterclaim Against Cathedral Art

## Background

8. On September 12, 2006, Cathedral Art filed an Amended Complaint in connection with the above-captioned matter in the United States District Court for the District of Rhode Island. In its Amended Complaint, Cathedral Art alleged that F.A.F.'s manufacturing, marketing, distribution and/or sale of certain religious giftware and jewelry infringed Cathedral Art's alleged copyright in its Guardian Angel Medallion. Cathedral Art asserted that F.A.F.'s actions constituted copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. and unfair competition with respect to Cathedral Art's alleged common law rights in

its Guardian Angel Medallion. In the Amended Complaint, Cathedral Art sought injunctive relief, costs, and actual damages or, in the alternative, statutory damages and attorneys' fees.

9. In its Amended Complaint, Cathedral Art alleges that it sells a jewelry item consisting of an angel flying over and in back of a display that contains an inspirational poem (the "Guardian Angel Medallion"). The verse (the "Guardian Angel Verse") reads as follows:

Protect me,
My Passengers,
And all who I pass by
With a steady hand
And a watchful eye

In its Amended Complaint, Cathedral Art explicitly states that it created the Guardian Angel Verse. See Pl.'s Amended Complaint at ¶ 9.

10. In its Amended Complaint, Cathedral Art alleges that it secured United States Copyright Registration No. VA 1-118-808 for the Guardian Angel Medallion in February 2002. The United States Copyright Office requires applicants to disclose all pre-existing materials which the subject work incorporates or upon which the subject work is based. In its copyright application, which was submitted to the United States Copyright Office, Cathedral Art did not indicate that its Guardian Angel Medallion is a derivative work. See Exh. A to Plaintiff's ("Pl.'s") Amended Complaint.

11. Throughout these proceedings, Cathedral Art has maintained that its Guardian Angel Medallion is an original creation. Indeed, in F.A.F.'s Interrogatories to Plaintiff Cathedral Art, F.A.F. requested that Cathedral Art "identify each element of the [Guardian Angel Medallion], if any, that was copied or obtained from any other piece or work, and identify each

such other piece(s) or work(s)."[1] Cathedral Art's response provided that "William J. Tracey independently created the Guardian Angel Verse in approximately 1989 [and] . . . Vincent Corio created the Guardian Angel Medallion in 1989."[2] However, Cathedral Art has admitted that the visual image of the Guardian Angel Medallion is "adapted an image of an angel that appeared within a scene on an old religious painting and that [ ] found on a stamping that had been acquired by Cathedral Art some time earlier."[3] Information regarding Cathedral Art's adoption of the angel image from a prior work was not disclosed in its copyright application to the United States Copyright Office.

12. In response to Cathedral Art's repeated assertions that it independently created the Guardian Angel Verse and the Guardian Angel Medallion, counsel for F.A.F. conducted various searches in order to evaluate the veracity of Cathedral Art's claims of original creation. Through its investigations, counsel for F.A.F. discovered a copy of a prayer card from the 1940s containing a "Motorist's Prayer" (the "Motorist's Prayer") with the following verse:

Grant me a steady hand and watch-
ful eye, That no man shall be
hurt when I pass by.

13. Furthermore, counsel for F.A.F. also discovered that a copy of the Motorist's Prayer was published in the Florence, South Carolina *Morning News*—more than fifty years before the purported creation of the Guardian Angel Verse by Plaintiff.

---

[1] Defendant F.A.F.'s Interrogatories to Plaintiff Cathedral Art, Interrogatory No. 6.

[2] Plaintiff's Answers to Interrogatories of Defendant F.A.F., Answer to Interrogatory No. 6.

[3] Id.

14. Cathedral Art's knowing, willful and intentional concealment from the United States Copyright Office that the Guardian Angel Medallion is a derivative work that incorporates pre-existing materials constitutes a material misrepresentation, which had it been disclosed to the United States Copyright Office would have barred the copyright registration of the Guardian Angel Medallion.

15. Indeed, this is not the first time that Cathedral Art has deliberately, willfully and intentionally mislead the United States Copyright Office regarding the purported "creation" of the works at issue in this litigation. On November 29, 2004, Cathedral Art secured United States Copyright Registration No. VA 1-280-671 for the "Footprints In The Sand Message Cross" ("Footprints Message Cross"), which included the verse:

During your times of suffering
When you saw only one set
of footprints, it was then
that I carried you.

16. Despite the fact that the United States Copyright Office requires disclosure of all pre-existing materials that the subject work is based on or incorporates, in its original copyright application for the Footprints Message Cross, Cathedral Art did not disclose to the United States Copyright Office that it had not authored the verse included on the Footprints Message Cross.

17. Indeed, only after counsel for F.A.F. informed Cathedral Art that it knew for a fact that the verse had not been authored by Cathedral Art, did Cathedral Art amend its copyright application to reflect the fact that it had not authored the verse and that the verse was based on a preexisting work.

18. As evidenced herein, Cathedral Art has engaged in a systematic pattern of fraudulent conduct directed at the United States Copyright Office in order to impermissibly secure and enforce copyrights in works not created by Cathedral Art.

## Cause of Action

### Cancellation Of Cathedral Art's Copyright Registration Pursuant To 17 U.S.C. § 102

19. F.A.F. realleges paragraphs 1 through 18 above and incorporates them by reference as if fully set forth herein.

20. Cathedral Art secured United States Copyright Registration No. VA 1-118-808 for the Guardian Angel Medallion in February 2002.

21. Cathedral Art improperly obtained United States Copyright Registration No. VA 1-339-401 for the Guardian Angel Medallion as the result of knowing, willful and intentional fraud upon the United States Copyright Office.

22. Cathedral Art's knowing, willful and intentional concealment from the United States Copyright Office that the Guardian Angel Medallion was a derivative work constituted a material misrepresentation, which had this information been disclosed would have barred copyright registration of the Guardian Angel Medallion.

23. Cathedral Art has alleged claims based upon purported copyrights existing in the Guardian Angel Medallion.

24. The Guardian Angel Medallion fails to constitute copyrightable subject matter pursuant to 17 U.S.C. § 102.

25. Cathedral Art's copyright in the Guardian Angel Medallion is invalid.

26. F.A.F. believes that it will be damaged by the continued registration of Cathedral Art's Guardian Angel Medallion and hereby seeks an Order canceling Cathedral Art's copyright registration in this work.

**WHEREFORE**, for all the foregoing reasons, F.A.F. demands judgment as follows:

(a) Dismissing Cathedral Art's copyright infringement claim in Count I of its Amended Complaint in its entirety with prejudice;

(b) Ordering the cancellation of United States Copyright Registration No. VA 1-118-808 and that the Court certify this decree to the United States Copyright Office, which shall record the cancellation in the records of the United States Copyright Office;

(c) Awarding F.A.F. the costs and disbursements of this action;

(d) Awarding F.A.F. its attorneys' fees; and

(e) Granting F.A.F. such other and further relief as the Court may deem just and proper.

## **Crossclaim Against Elite Design, Inc.**

27. F.A.F. for its Crossclaim against Elite Design, Inc., hereby alleges as follows:

## **Background**

28. Between September, 2004 and March, 2005, Elite sold pieces of a key ring known as the "Footprints Cross" to F.A.F., which were paid for in full. Elite was a merchant regularly dealing in the type of goods which were sold to F.A.F. By operation of law, Elite warranted to F.A.F. that the goods would be delivered free of any rightful infringement claim by a third party.

29. F.A.F. did not alter or make any material changes to the Footprints Cross that it purchased from Elite.

30. F.A.F. sold the Footprints Cross to its customer, Wal-Mart. Wal-Mart sold the Footprints Cross in the ordinary course of its business.

31. On July 19, 2005, Cathedral Art filed a Amended Complaint in connection with the above-captioned matter in the United States District Court for the District of Rhode Island. In its Amended Complaint, Cathedral Art alleged that F.A.F.'s manufacturing, marketing, distribution and/or sale of certain religious giftware and jewelry infringed Cathedral Art's alleged copyright in its Footprints Message Cross. Cathedral Art asserted that F.A.F.'s actions constituted copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 et seq. and unfair competition with respect to Cathedral Art's alleged common law rights in its Footprints Message Cross.

32. Cathedral Art seeks recovery of all damages suffered by it as a result of F.A.F.'s alleged infringing acts, and all profits derived from F.A.F.'s alleged wrongful acts in an amount to be determined at trial, together with treble damages pursuant to 15 U.S.C. 1117(a), attorneys' fees pursuant to 15 U.S.C. 1117(a), and punitive damages.

## Cause of Action

## Elite Breached its Warranty to F.A.F. Pursuant To R.I.G.L. § 6A-2-312

33. F.A.F. realleges paragraphs 1 through 32 above and incorporates them by reference as if fully set forth herein.

34. Between September, 2004 and March, 2005, Elite sold pieces of a key ring known as the "Footprints Cross" to F.A.F., which were paid for in full.

35. Elite was a merchant regularly dealing in the type of goods which were sold to F.A.F.

36. By operation of law, Elite warranted to F.A.F. that the goods would be delivered free of any rightful infringement claim by a third party.

37. In the event that F.A.F. is held liable for the copyright infringement of the Footprints Cross and/or federal and/or common law unfair competition in connection therewith, Elite will have breached its warranty to F.A.F. in that the goods sold by Elite to F.A.F. infringed on intellectual property rights purportedly owned by Cathedral Art.

38. On January 11, 2006, F.A.F. notified Elite of the possibility of a breach of Elite's warranty.

39. In addition to the damages sought by Cathedral in this action, F.A.F. will be also liable to indemnify Wal-Mart for all damages awarded to Cathedral Art resulting from any judgments against Wal-Mart in connection with this action.

**WHEREFORE**, for all the foregoing reasons, F.A.F. demands judgment as follows:

(a) F.A.F. requests judgment against Elite for all damages which may be imposed upon F.A.F. or Wal-Mart with respect to the Footprints Message Cross, including F.A.F.'s profits from selling the Footprints Cross, attorneys' fees, costs, disbursements and such other and further relief as the court deems just and proper.

(b) Awarding F.A.F. the costs and disbursements incurred in connection with defending this claim;

(c) Awarding F.A.F. its attorneys' fees incurred in connection with defending this claim; and

(d) Granting F.A.F. such other and further relief as the Court may deem just and proper.

F.A.F., Inc.
By Its Attorneys,

/S/ Richard W. MacAdams

Richard W. MacAdams (#1681)
rmacadams@mwdglaw.com
Dennis R. Gannon (#2280)
MacAdams Wieck DeLuca
& Gemma Incorporated
101 Dyer Street, Suite 400
Providence, RI 02903
Phone: (401) 454-8700
Fax: (401) 454-8755
Dated: September 28, 2006

and

Gregory P. Gulia (GG 4215)
Vanessa C. Hew (VH 4617)
DUANE MORRIS LLP
380 Lexington Avenue
New York, New York 10168
(212) 692-1000

Barry Golob (#437754)
DUANE MORRIS LLP
1667 K Street, NW, Suite 700
Washington, DC 20006

Attorneys for Defendants
(F.A.F., Inc. and Wal-Mart Stores, Inc.)

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of September, 2006, a copy of the within was served upon Thomas R. Noel, Esq., Noel & Gyorgy LLP, 50 South Main Street, Providence, RI 02903 and Jaime LaPorte, Esq. and Jeffrey T. Techentin, Esq., Adler Pollack & Sheehan, P.C., One Citizens Plaza, 8th Floor, Providence, RI 02903, via electronic means.

/S/ Richard W. MacAdams